HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. ELLEN CHEATHAM.

Decided October 21, 1908.

1.—Charge—Statement of Issues—Weight of Evidence.

An instruction stating to the jury the issues in the case which substantially copies the allegations of the petition or refers the jury thereto, but without intimation that they are true, is not a charge on the weight of evidence.

2.—Charge—Negligence—Carriers of Passengers—Speed.

Where there was evidence that the track was in bad condition and the speed of the train, a mixed one, eighteen to twenty miles per hour, the submission of the issue as to negligence in operating the train was not error; such speed might be negligent if made over a defective track; the condition of its track should have been known to the carrier; and the derailment, in itself, furnished evidence of negligence.

3.—Damages—Personal Injury—Charge.

Charge as to the damages recoverable for injuries to the person approved and held not objectionable as allowing the jury too much latitude.

4.—Damages—Remittitur—Costs.

Error in submitting the expense for physician's bills and medicine as an element of damages recoverable, in the absence of proof that they were reasonable, was cured by a remittitur by appellee of the full amount of such expense which the evidence showed; but appellee must be held for the cost.

5.—Evidence—Defective Ties—Point of Derailment—Rebuttal.

Defendant, in disproof of plaintiff's evidence as to the existence of defective ties at the point of derailment, offered evidence of the general good maintenance of all its tracks thereabouts by creosoted ties replaced as fast as defective. It was allowable, in rebuttal, for plaintiff to show the existence of numerous rotten ties one hundred yards or more from the point of accident.

6.—Evidence—Harmless Error.

The admission of evidence immaterial to the point it is sought to prove is not ground for reversal where the verdict is supported, on that point, by other and competent evidence.

7.—Argument of Counsel.

Where the argument is confined to the evidence, it is no ground for reversal that the inferences sought to be drawn from that evidence by counsel are unwarranted.

Vol. LII. Civil—1.

Appeal from the District Court of Lampasas County. Tried below before Hon. John M. Furman.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher* (*Baker, Botts, Parker & Garwood,* of counsel), for appellant.—The charge states that the defendant was guilty of negligence, and gives undue prominence to plaintiff's case by setting out her allegations and referring the jury to her petition, being therefore a charge on the weight of the evidence. Missouri Pac. Ry. Co. v. Christman, 65 Texas, 375; Texas & N. O. Ry. Co. v. Mortensen, 27 Texas Civ. App., 106.

All the evidence showed that the train was carefully and properly operated. Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 83, 84; Texas & P. Ry. Co. v. Berchfield, 12 Texas Civ. App., 145; O'Dair v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 539; Railway Co. v. Waldo, 26 S. W., 1005; Houston City Ry. Co. v. Artusey, 31 S. W., 319.

The charge authorizes the jury to award plaintiff damages for such injuries as were the direct and proximate result of defendant's negligence, unlimited by any legal rule by which such damages could properly be measured. International & G. N. R. Co. v. McVey, 87 S. W., 328; International & G. N. R. Co. v. Glover, 88 S. W., 518, 519.

The evidence wholly failed to show that the charges for medical attention and medicines were reasonable. Missouri, K. & T. Ry. Co. of Texas v. Warren, 90 Texas, 566; Wheeler v. Tyler Southwestern Ry. Co., 91 Texas, 356; Houston & T. C. R. R. Co. v. Patterson, 27 Texas Civ. App., 249.

The testimony of witness Gilmore, even if it tended to contradict some of defendant's witnesses, was on an immaterial issue on which it was not permissible to impeach or rebut their testimony. Gulf, C. & S. F. Ry. Co. v. Coon, 69 Texas, 734; Texas & P. Ry. Co. v. Phillips, 91 Texas, 281.

The running of mixed trains and the carrying of passengers thereon is lawful, and does not and can not constitute negligence. Missouri Pac. Ry. Co. v. Ivy, 71 Texas, 409; Ft. Worth & D. C. Ry. Co. v. Rogers, 24 Texas Civ. App., 382; Rev. Stats., art. 4508.

*T. E. Hammond, Ike D. White* and *W. H. Browning,* for appellee.

RICE, ASSOCIATE JUSTICE.—This is a suit by Ellen Cheatham, a feme sole, against the Houston & Texas Central Railroad Co., to recover damages for personal injuries alleged to have been sustained by her while a passenger on said road by the derailment of defendant's mixed train between Burnet and Lampasas, Texas, on April 26, 1907.

The defendant, in answer to said suit, filed a general demurrer and general denial. A jury trial resulted in a verdict and judgment for plaintiff for $1,750, from which this appeal is prosecuted.

By appellant's first assignment of error it is urged that the court erred in stating the issues in his charge to the jury, because said charge was on the weight of evidence, and in its proposition thereunder it is insisted that said charge states and finds as a fact that defendant was guilty of negligence, as alleged by plaintiff, and gave undue prominence

to the plaintiff's case by setting out her allegations, and, in addition, referring the jury to her petition.

It seems that the court, in stating the issues, substantially copied the petition of plaintiff, wherein the acts of negligence are relied upon, but in doing so we fail to find from the record that there was any assumption on the part of the court that the acts complained of were true, as charged, or any statement which could be construed as such. We think there is no merit, therefore, in this assignment, and overrule the same.

By its second assignment appellant urges that the court erred in the third paragraph of its charge on the law of the case, in that it submitted to the jury issues not raised by the evidence; and by its proposition thereunder urges that the court erred in submitting the issue of negligence on the part of appellant in running and operating its train at the place of the accident, because it appeared from the evidence that the same was carefully and properly operated at the time. The petition in this case alleged negligence on the part of appellant both as to the condition of the track at the place of the injury and the manner of operating the train at the time of the accident. There is ample evidence to show that at the place of derailment the track was in bad condition and out of repair, its ties being rotten, in so much so that they would not hold the spikes, etc.; and there is evidence that the train was being operated at the time of the accident at a speed of from eighteen to twenty miles per hour. We think this evidence would justify the court in submitting both issues, because the jury had the right to infer from the evidence that the operation of its train along said track at such high rate of speed was in itself negligence, the appellant and its servants being charged with a knowledge of the condition of its track at said place. (Vol. 2 Hutchinson on Carriers, p. 1046, sec. 926; Chicago, P. & St. L. Ry. Co. v. Lewis, 145 Ill., 67; 33 N. E., 960.) Apart from this, the derailment being shown, as a matter of law negligence is presumed, and it devolves upon appellant to rebut the same. (Hutch. on Carriers, vol. 3, sec. 1413, pp. 1700 et seq.) We do not think any error was committed, under the circumstances, in the submission of both issues by the charge to the jury, and overrule this assignment.

By its third assignment of error appellant complains that the court erred in the fifth paragraph of its charge on the measure of damages, in that it authorized the jury to award plaintiff such damages as in their judgment would fairly and justly compensate her for such injuries as they might find were the direct and proximate result of defendant's negligence, unlimited by any legal rule by which such damages could properly be measured, stating that, in connection with such inquiry, they might take into consideration physical pain and suffering, as well as mental suffering and anguish, and reasonable charges for medical treatment and medicine, in that it did not limit the jury to a consideration of such items only. The charge complained of is as follows: "If you find for plaintiff you will so say by your verdict, and you will assess her damages at such sum as, if paid in cash in hand at this time, would, under the evidence, in your judgment, fairly and justly compensate her for such injuries as you may find are the direct and proximate result of defendant's negligence, if any, and in computing such damages you may take into account any physical pain and suffering, and

mental suffering and anguish you may find she has sustained by reason of such injuries, and any reasonable charges for medical treatment and medicines, which she has paid or become responsible for by reason of such injuries." This charge announces a correct principle of law relative to the measure of damages, and is not, in our opinion, subject to the objection urged against it, and we therefore overrule this assignment.

The fourth and fifth assignments of error complain of the action of the court in submitting to the jury any charge upon the subject of plaintiff's right to recover for medical treatment and medicine, because there was no evidence that said charges were reasonable. It appears from the evidence that plaintiff paid out $50 doctors' bills, and as much as $8 for medicine; but, as appellant contends there is nothing in evidence to show that either of said items were reasonable charges, the court was therefore in error in submitting a charge thereon, but appellee has filed a remittitur of said amount, and asks that, in the event judgment is affirmed, these items be deducted therefrom and the judgment be made to conform thereto. Wherefore, the error complained of is harmless, and these assignments are overruled.

The sixth assignment complains of the action of the court below in admitting and refusing to strike from the record the testimony of Ophelia Gilmore. By its proposition under said assignment it is urged that said witness, having testified to having seen rotten and defective ties in defendant's track, about one hundred yards north of the bridge at the south end of which the derailment occurred, such evidence was irrelevant, immaterial and prejudicial, and had a tendency to confuse the jury, and might cause them to believe that they could hold defendant liable for *any defects in its track*. By reference to the bill of exception it appears that, after all the witnesses offered by plaintiff had testified except the witness Ophelia Gilmore, plaintiff announced through her counsel, in open court, that she had one witness coming on the train, and that until she arrived plaintiff would rest, reserving, however, the right to put said witness on the stand when she came, the witness referred to being Miss Ophelia Gilmore. After the defendant had concluded its testimony, this witness having arrived, she was introduced, and testified that she remembered the occasion of the wreck on the road, and knew where it occurred. That just prior to that time she had walked along the railroad track near this point, within one hundred yards thereof, and had frequently passed said point, at which she noticed a good many rotten ties, some of which, when she stepped on them, were soft, some were splintered apart, and that the spikes looked like they were loose, and that they were raised up. On cross-examination of this witness by appellant, it appeared that the point where she saw the ties in this condition was between the bridge and Lake Victor, and that she had no occasion to walk on the other side of the bridge where the wreck occurred; that Lake Victor is north of the bridge, and that the wreck occurred at the south end of the bridge. The train was going north at the time of the derailment. Thereupon counsel for appellant moved to strike out said testimony, because the same referred to conditions in the track existing at least one hundred yards from the place where the accident occurred. The court overruled said motion, and appended to said bill an explanation to the effect that L. Phillipi, D. McCall and other

witnesses for the defendant had testified that all the ties used on the road from Burnet to Lampasas were creosoted ties at the time of the construction of the road, except for three or four miles from Burnet, and that they had been replaced by creosoted ties, and that at the time the testimony of Miss Gilmore was offered and objected to, counsel for plaintiff stated that said testimony was offered in rebuttal, and so admitted by the court.

It in argued by appellee that as there was abundant testimony to establish the fact that the wreck was caused by rotten ties in appellant's roadbed, as shown by the plaintiff's witnesses, which fact was controverted by appellant in attempting to show that its roadbed was in good condition, that its ties had been "doctored" by saturating them with creosote, which gave them long life, and that this condition existed not only at the place where the car was wrecked, but along its whole line, except some four or five miles out from the town of Burnet; and that other witnesses for appellant testified that its track was absolutely all right, and safe for a speed of eighteen to twenty miles per hour; and that this testimony relative to the condition of the track by appellant was not confined to the place of the wreck alone, but was offered to show the general condition of the road, hence that it was proper for appellee to rebut this evidence by its witness Miss Gilmore, who testified as above shown.

We think the evidence was properly admitted in rebuttal; but, even if this was error, it is not ground for reversal, because it is frequently held that the admission of immaterial evidence is no ground for reversal when there are other facts and circumstances in evidence sufficient to support the verdict, as is the case here.   Commercial Bank v. Jones, 18 Texas, 830; Wilson v. Lucas, 78 Texas, 292.

By its seventh assignment of error it is urged that the court erred in overruling defendant's objection to the closing argument of counsel for plaintiff.   It is shown by a bill of exceptions that on the trial, while counsel for plaintiff was making his closing address to the jury, he stated that the testimony of the defendant tended and did show that freight cars often left the track without any cause whatever that could be discovered or detected, and that this fact being known to the defendant, it was carelessness and negligence on its part to attach passenger coaches to the rear end of freight trains and invite passengers to ride thereon, urging before the jury that the fact that defendant's train, which was wrecked, was a mixed train, carrying freight in front of the passenger coach, was in itself alone sufficient to constitute negligence and to render the defendant liable to plaintiff for all damages she may have sustained.

This argument was objected to by counsel for appellant, but counsel was permitted to proceed, notwithstanding said objection, and the court did not instruct the jury to disregard such argument.   The court explained its ruling by stating that the conductor and engineer of appellant's train both testified that freight cars often left the track without any cause whatever that could be detected or discovered.

Counsel for appellee insist that no error has been committed on this score, because they had a right to discuss the evidence and draw their own deductions and inferences therefrom, and if counsel should draw

an erroneous and hurtful conclusion from the evidence submitted, it is contended by them that it would have been the duty of appellant to have controlled the same both by seasonable objection and a special charge to disregard same, which was not done in this case. We are inclined to agree with appellee in her contention. It is true that counsel had no right to go outside the record and discuss matters not in evidence, but this was not done. Here the matter under discussion was in evidence, and the only objection is that counsel, in using it, was drawing an erroneous and hurtful deduction therefrom. These matters are so largely within the discretion of the trial court that Appellate Courts do not usually interfere in the absence of some abuse thereof. Here none is shown, and the assignment is overruled.

Finding no reversible error in the record, we conclude that the judgment of the court below should be reformed and affirmed. It is therefore ordered that the sum of fifty dollars, as found by the jury for medicine and medical attention, be deducted therefrom, in accordance with the remittitur of the plaintiff on file, and that the judgment for $1,700 be in all things affirmed, but that the cost of this appeal shall be taxed against appellee.

*Reformed and affirmed.*

Writ of error refused.