## GRAY et al. v. ALLEN et al. (No. 7269.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 28, 1925. Rehearing Denied Feb. 25, 1925.)

1. Trial ⬳244(3)— Refusal to give requested instruction singling out particular phase of evidence held not erroneous.

Refusal to give requested instruction that mere mental weakness would not be sufficient mental incapacity to set aside deed held not erroneous, since it singled out a particular phase of evidence minimizing its true relation to ultimate issue of grantor's mental state.

2. Appeal and error ⬳231(1)—Improper argument of counsel held not presented for review.

Claimed improper argument of counsel was not presented for review, where no specific objections were made thereto in court below.

3. Trial ⬳121(2)—Argument of counsel held not reversible error.

Argument of counsel that this was "hijacking transaction" and that these are "hijacking times" did not constitute reversible error, where, at most, it was but an inference drawn from evidence as counsel construed it.

4. Deeds ⬳211(1)—Evidence held to sustain finding that grantor was mentally incapacitated to execute deed.

Evidence held to sustain jury's finding that grantor was mentally incapacitated to execute a deed to his attorney.

5. Appeal and error ⬳994(2), 1003—Jury to weigh testimony and credibility of witnesses.

In suit to set aside deed for grantor's mental incapacity, it was for jury, and not the appellate court, to weigh testimony on such issue and determine credibility of witnesses and therefrom the true ultimate fact.

6. Evidence ⬳588 — Jury privileged to disregard some or all of testimony.

In suit to set aside deed for grantor's lack of mental capacity, jury was privileged to disregard some or all of testimony of some or all of witnesses on such issue, according to their appraisal of witnesses' credibility and weight of their testimony.

Appeal from District Court, Medina County; R. H. Burney, Judge.

Suit by Will Allen, administrator, and others, against Sallie Maverick Gray and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Briscoe & Morris, of Devine, and Hertzberg, Kercheville & Thomson, of San Antonio, for appellants.

V. H. Blocker, of Hondo, and S. Engelking, of San Antonio, for appellees.

SMITH, J. This is the second appeal in this cause (Tex. Civ. App.) 243 S. W. 684. The facts are fully stated in the former opinion, and need not be restated in detail here. It is perhaps sufficient to say, generally, that on February 3, 1917, A. P. Allen, then owner of the land in controversy, conveyed said land by general warranty deed to Mack Kercheville, his attorney, for the alleged purpose of enabling Kercheville to raise money with which to clear up Allen's outstanding obligations and finance his future operations. At the time of this conveyance, A. P. Allen, a single man, resided on the land, "batching," with his brother, Will Allen. Ten days later, on February 13, 1917, Kercheville borrowed $2,500 from Mrs. Sallie Maverick Gray, appellant herein, giving his promissory note therefor, and executing and delivering a deed of trust upon the land to secure the payment of the note. Shortly afterwards Kercheville conveyed the land by deed to Adams Bros., a mercantile firm at Devine, Medina county, near which place the land in controversy

was situated. A. P. Allen and his brother Will continued in possession of the land until the former died, on April 13, 1918, after which Will Allen continued this possession until ousted by a writ of sequestration issued at the instance of Adams Bros. on December 31, 1919. In the litigation which ensued, the Allen heirs recovered title to the land, together with judgment canceling the deeds from A. P. Allen to Kercheville and from the latter to Adams Bros., although Mrs. Gray, the holder of the note and beneficiary in the deed of trust now in controversy, was not a party to the litigation or to the judgment ending it.

The hand of death has fallen heavily upon the chief actors in the transactions out of which this litigation arose. A. P. Allen, who owned and conveyed the land to Mack Kercheville, is dead. His apparently favorite brother, Will, who lived with him and helped him cultivate the land, and who was present and witnessed the execution of the deed from A. P. Allen to Kercheville, is dead. Mack Kercheville, to whom A. P. Allen conveyed the land, and who executed the note and deed of trust in controversy and the deed to Adams Bros., is dead. John Allen, the sole surviving brother of A. P. and Will, and his wife, Mrs. Viola Allen, another of the original plaintiffs in the instant suit, died before the trial thereof.

The present suit was prosecuted against Mrs. Gray by the heirs of A. P. and Will Allen, for the purpose of canceling the note and deed of trust executed by Mack Kercheville and owned by Mrs. Gray. In their trial petition the Allens set up the facts above stated, and alleged that Mack Kercheville procured the deed from A. P. Allen by fraud and deceit, and without consideration; that A. P. Allen was mentally incompetent at the time he executed said deed, and that all these facts were known, or should have been known, to Mrs. Gray and her representatives at the time she took the note and deed of trust. The cause was submitted upon special issues to a jury, who found: (a) That at the time he executed the deed to Kercheville A. P. Allen did not have sufficient mental capacity to make and execute said deed, and (b) that the plaintiffs below exercised reasonable diligence in bringing this suit at the time they did. According to appellants' brief:

"On April 24, 1924, the court rendered a judgment in favor of the plaintiffs below, canceling said note and deed of trust, except that Mrs. Gray was given judgment in the sum of $308 for necessaries spent by the said A. P. Allen, deceased, and a lien was established and foreclosed against all of said land for said amount. The court also gave Mrs. Gray judgment for $1,081.46 against Mrs. Maud Harris, wife of H. E. Harris, and J. S. Allen, the heirs of Will Allen, deceased, being one-third of the debt due, and for one-third of the costs of suit, foreclosing the deed of trust lien against an undivided one-third interest in and to said 220 acres of land owned by the heirs of Will Allen, and providing for 90 days' stay of execution. This part of the judgment being based upon the fact that the heirs of Will Allen, or W. J. Allen, were estopped from recovering against Mrs. Gray, on account of W. J. Allen having signed the deed from A. P. Allen to Mack Kercheville as a witness, and further because of said heirs having agreed in writing that judgment might be rendered against them in favor of Mrs. Gray."

[1] In her first proposition appellant complains of the refusal of the court below to give a requested instruction to the jury to the effect that "mere mental weakness would not be sufficient mental incapacity to set aside the deed" in controversy. There was a great mass of testimony upon the issue of A. P. Allen's alleged insanity. Some of the witnesses testified that he was "crazy," and insane and of unsound mind, and to facts warranting the conclusion that he was in fact insane; while other witnesses, denying that he was insane, testified that he was mentally weak and to facts tending to show "imbecility" as technically distinguished from "insanity." This testimony covered a wide range of facts, opinions, conclusions, inferences, and individual impressions gathered from the sometimes grotesque and always pathetic acts and speech of Allen, who, among other misfortunes, had been the victim of a serious accident occurring a year or so prior to the transaction under consideration. While it may be true, as appellant contends, that mere mental weakness alone would not render a person incapable of executing a deed, yet we are nevertheless of the opinion, as we were in disposing of the former appeal, that the court correctly refused the requested instruction. We think that to have given the charge would have had the effect of singling out a particular phase of the evidence and minimizing its true relation to the ultimate issue of Allen's mental state, thus intrenching upon the province of the jury of weighing the evidence upon that issue. We overrule appellant's first proposition.

In her second and third propositions appellant challenges the sufficiency of the evidence to support the finding of the jury that the plaintiffs below exercised diligence in bringing this suit within a reasonable time after the accrual of the cause of action asserted. We think that under the peculiar and unusual facts of the case that issue was one for the jury to determine from all the circumstances in evidence, and that the testimony was sufficient to support the finding. We therefore overrule said propositions.

[2, 3] Appellant complains in her fourth proposition of the language of appellees' counsel, Judge Blocker, in his argument to the jury, that this was a "hijacking transaction," and that "these were hijacking times," al-

luding, according to the bill of exceptions, "to the manner in which Mack Kercheville deceived Will Allen and obtained the deed from Andrew Allen, his insane brother, and secured a loan on the Allen land." Appellant contends in her brief that these remarks of counsel were "highly prejudicial, inflammatory, and improper, and must have influenced the jury in their verdict"; but it does not appear in appellant's brief that these or any other specific objections to the offending argument were made in the court below. This being true, appellant will not be heard to urge those objections on appeal. We have nevertheless considered the question raised, and have concluded that no reversible error is shown, even in the brief. The language of counsel was vigorous, of course, but at most it was but an inference drawn by counsel from the evidence as he construed it. If that inference was not supported by the evidence when properly analyzed, we think the jury could and perhaps did lay it out of sight when they came to consider their verdict, and no injury is shown to have resulted to appellant.

[4-6] The fifth, sixth, and seventh propositions urged by appellant challenge the sufficiency of the evidence to support the finding of the jury that appellee did not possess sufficient mental capacity to execute the deed to Mack Kercheville. We have very carefully reviewed and considered the whole of the testimony upon that issue, and have reached the firm conclusion that that testimony was ample to support the finding complained of. Appellant urges that some of the appellees, close relatives of A. P. Allen, themselves testified that although the latter was weak and simple-minded he was not insane, and that they are thereby precluded from recovering upon the theory that he was in fact of unsound mind. As we have previously stated, there was a great deal of testimony upon the subject of Allen's mental status, covering a wide range of facts, incidents, opinions, and impressions. We think it was the province of the jury to weigh this testimony, appraise and analyze the motives, viewpoints, caprices, and interest, and therefore the credibility of the numerous witnesses, and to determine therefrom the true ultimate fact. The jury apparently concluded that the testimony of neighbors and other disinterested persons was more dependable than that of close blood relatives of the alleged incompetent; that the former would be more likely to frankly delineate and normally translate the symptoms of Allen's condition, his queer conduct and words, than would his near relatives, whose interpretation of the same symptoms and conduct might be softened by affection, or warped by other considerations growing out of the relationship. It was the privilege of the jury

to disregard some or all of the testimony of some or all of the witnesses, according to the jury's appraisal of their credibility, and the weight of their testimony. The jury seems to have exercised this privilege, and we cannot say they abused it, or that they did not express the reasonable and just conclusion.

A fact case has been presented in the briefs, and we cannot say that it shows reversible error.

We think the judgment should be affirmed, and it is so ordered.