### FIDELITY–PHŒNIX FIRE INS. CO. v. MUMAW et al. (No. 379.)

(Court of Civil Appeals of Texas. Waco. June 17, 1926. Rehearing Denied Oct. 7, 1926.)

**1. Insurance ⬤⟾665(4).**

Evidence *held* to support finding that value of insured secondhand Packard automobile prior to fire was $1,500.

**2. Appeal and error ⬤⟾237(1)—In action involving value of insured secondhand automobile, allowing argument that jury should read policy which was in evidence giving list price at $5,300 held not abuse of discretion, in absence of request to disregard.**

In action involving value of insured secondhand automobile, allowing argument that jury should read policy which was in evidence giving list price at $5,300 *held* not abuse of discretion, where connection in which language was used was not shown, and no request was made for instruction to disregard it.

**3. Appeal and error ⬤⟾972—Trial ⬤⟾106.**

Trial court has large discretion in controlling argument of counsel, and his rulings will not be reviewed unless it is abused.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Mrs. L. B. Mumaw, joined pro forma by her husband, against the Fidelity-Phœnix Fire Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Baskin, Eastus & Greines, of Fort Worth, for appellees.

GALLAGHER, C. J. This suit was instituted by Mrs. L. B. Mumaw, joined pro forma by her husband, appellees herein, against Fidelity-Phœnix Fire Insurance Company, appellant herein, on an insurance policy issued by it on a Packard automobile which was burned. The parties will be designated as in the trial court. Defendant pleaded that the policy sued on contained a provision for appraisal in case of loss or damage that such appraisal was had and an award made in favor of plaintiff for the sum of $450. Said appraisal and award were pleaded both in abatement of plaintiff's suit and in bar of her demand. There was a trial by jury. The only issues submitted were with reference to the action of the appraisers in making said award and with reference to the value of said automobile immediately before and after it was burned. The jury found in response to such issues that plaintiff asked to be allowed to appear before the appraisers and introduce evidence in support of her claim; that the appraisers failed or refused to permit her to do so; that the reasonable market value of said automobile immediately prior to the fire was $1,500 and immediately thereafter only $50. The court made no specific disposition of said award but ignored the same and rendered judgment in favor of plaintiff against defendant for the sum of $1,125.

### Opinion.

Defendant bases its prayer for reversal on two grounds. The first is a complaint of certain statements made by plaintiff's attorney in his closing argument, and the second is that the jury's finding with reference to the value of the car immediately before it was burned is excessive.

[1] Defendant does not contend that the finding of the jury with reference to value is without evidence to support it. Such contention would be wholly untenable. Plaintiff's witnesses Burns and Lowe testified affirmatively that the market value of said automobile at the time it was burned was $1,800 and $1,500, respectively. Both of these witnesses testified that they were well acquainted with the car and its condition at the time. None of the other witnesses were acquainted with the car nor its condition at such time. While

---

there was some conflict in the evidence with reference to whether said automobile was a 1920 model or a 1918 model, there was evidence sufficient to justify the jury in finding that it was a 1920 model. Plaintiff's witness Etier testified that if said automobile was a 1918 model its reasonable market value was from $1,200 to $1,500, and that if it was a 1920 model its value would be from $1,500 to $2,000. Defendant's witness Jordan testified that if said automobile was a 1920 model its value was approximately $1,500. The only further testimony on the subject of value was the testimony of the witness Jordan that if said car was a 1918 model in good condition its value was from $500 to $650, the testimony of the witness Pentecost that if said automobile was a 1918 model its value was $500, and the testimony of appellant's witness Hartshorn that it was a 1915 model and that its value was $350. There were sufficient circumstances tending to show bias on the part of the witness Hartshorn and sufficient inconsistencies in his testimony, and contradictions thereof by other witnesses to justify the jury, as the exclusive judges of his credibility, in attaching little, if any, weight thereto. After a careful consideration of the testimony as a whole, we cannot say that the finding of the jury on the issue of value is against-the preponderance or weight of the evidence.

[2] The policy of insurance in evidence recited that it was made and accepted subject, among other things, to the warranties set forth therein. Among the warranties so set forth were the following: That said car was a Packard automobile, year 1920, list price $5,-300, purchased by the assured secondhand in the month of May, 1923, at an actual cost of $2,600. The car was burned in June, 1923. The testimony on secondhand values, apparently without objection, took a rather wide range. Appellant's witness Jordan on cross-examination testified that the list price on 1920 model Packards was something like $5,-300. There was also testimony from the same witness with reference to the secondhand price of Fords and with reference to the relation between original cost and secondhand value of large cars as distinguished from smaller ones. The witness also testified to the list price on other Packard models. Defendant complains of the following excerpt from the closing argument of plaintiff's attorney:

"Here is the policy that has been introduced in evidence. This policy was written and signed by the insurance company. They wrote this policy at the list price of $5,300. This policy is in evidence, every bit of it in evidence, and I want you to take it out and read it where they list it at $5,300."

The connection in which the language complained of was used is not shown by the bill.

Defendant excepted to said argument, but made no request for an instruction to the jury to disregard the same. We do not think that it can be reasonably held that the language used misquoted the evidence nor that the jury were likely misled by the statement that the defendant listed the car at $5,300. That statement was incorporated in a request that the jury read the policy in their consideration of the case. If they attached any importance to the matter they doubtless did as requested. If so, the policy spoke for itself. It was in evidence and its recitals legitimate subject of comment. Since the inferences or deductions drawn from the recital in question are not shown, we cannot, in view of the wide range of the testimony, assume that they were hurtful or that they transcended the limits of legitimate argument.

[3] The trial court is necessarily vested with a large discretion in the matter of permitting, restraining, or controlling argument, and his rulings with reference thereto will not be reviewed unless such discretion is abused. T. & P. Ry. Co. v. Garcia, 62 Tex. 285, 289; H. & T. C. R. Co. v. Cheatham, 52 Tex. Civ. App. 1, 113 S. W. 777, 779, 780 (writ refused); Beaumont Traction Co. v. Dilworth (Tex. Civ. App.) 94 S. W. 352, 355; Pecos & N. T. Ry. Co. v. Suitor (Tex. Civ. App.) 153 S. W. 185, 191 (writ refused); Heard v. Heard (Tex. Civ. App.) 272 S. W. 501, 505, and authorities there cited; Gray v. Allen (Tex. Civ. App.) 269 S. W. 510, 511, 512. No abuse of discretion is shown in this case.

The judgment of the trial court is affirmed.