**TESTON v. ROOT et al.**

**No. 1546.**

Court of Civil Appeals of Texas. Eastland.

May 22, 1936.

Rehearing Denied June 26, 1936.

Milburn McCarty, of Eastland, and A. E. Wilson, of Brownwood, for appellant.

Butts & Wright, of Cisco, for appellees.

FUNDERBURK, Justice.

This is a suit brought by R. T. Teston, as next friend for Robert Teston, a minor, between five and six years of age, against C. M. Root, A. H. Rhodes, and P. R. Warwick, executor of the estate of J. L. McMurray, deceased, to recover damages for personal injuries alleged to have resulted from the negligence of the defendants. The defendants were the owners of a 40-acre oil lease in Brown county, known as the Newton lease. There was a tank of water on the lease, on the dam of which was a pump and engine belonging to the defendants which had been used in operations on the lease. The pump contained

cogwheels which were capable of being turned by a detachable crank, which crank had been left near the pump. W. T. Maxwell, an uncle of Robert Teston, lived upon and had charge of the lease for the defendants. There was evidence to the effect that the tank and pump were 300 or 400 yards from Maxwell's house. There was a public road from a mile to a mile and a quarter from the tank and pump, and the nearest oil field road was from 100 to 300 yards from the tank. On the day of the accident, the boy's mother had left him at Maxwell's house and gone with Maxwell to Brownwood. Living with Maxwell was a boy, Cecil Holder, fourteen years of age. Robert Teston was taken to the tank and pump, or was accompanied to the tank and pump, by Cecil Holder. The Holder boy procured the crank, and while he was turning the cogwheels, the hand of Robert Teston was caught, cutting off two or three of his fingers. The pump had not been used for some time and was defective. The negligence charged was alleged to have consisted of the failure of the defendant to remove the pump from the premises, or the failure to fence or inclose the same so as to prevent children from approaching and playing with it, or failure to lock and fasten the pump and engine connected therewith, so that the crank or handle or the wheels connected with the cogs could not be turned and operated by children of tender or immature years.

The issues being duly joined, the case was tried with a jury whose verdict was rendered in response to special issues submitted.

By the verdict it was found that the pump in question was not unusually attractive to children of immature years, such as the plaintiff, and that the defendants were not guilty of negligence in permitting the pump in question to be at the place and in the condition it was at the time of plaintiff's injury. In response to issues inquiring what sum of money, if paid now in cash, would adequately compensate the plaintiff for mental and physical pain and anguish, if any, suffered by him by reason of the injury to his right hand and fingers, and what sum of money, if paid now in cash, would compensate the plaintiff for the impairment, if any, of his ability and capacity to labor and earn a living by reason of the injury in question to his right hand and fingers, after he should have arrived at the age of twenty-one years, the jury answered: "None." From the judgment for defendants based upon the verdict, the plaintiff has appealed.

The first to fifth propositions of appellant asserted under the first to fifth assignments of error may be disposed of altogether with a very brief discussion. It may be considered that the evidence did not warrant the verdict in the respects wherein it was found that there were no damages. That is immaterial if there was no liability as other parts of the verdict established. Under the verdict of the jury the court could have entered no other judgment, regardless of the state of the evidence, except in response to a motion to enter judgment notwithstanding the verdict of the jury. Regarding these propositions as raising the questions, (1) whether there was no evidence to support the finding that the pump was not unusually attractive to children of immature years, and (2) whether there was no evidence to support the finding that defendants were not guilty of negligence in permitting the pump in question to be at the place and in the condition it was at the time of plaintiff's injury, we think we may confidently assert that the evidence did not conclusively establish as a matter of law either that the pump was unusually attractive to children of immature years, such as the plaintiff, within the sense that a question of liability is to be determined by such fact; or that the defendants were guilty of negligence in permitting the pump in question to be at the place and in the condition it was at the time of plaintiff's injury. These conclusions require that the propositions be overruled.

The remaining sixth to twelfth propositions, inclusive, each presents contentions that the court erred in permitting, over objection, the attorney for appellees to make certain arguments to the jury. The substance of the several parts of counsel's argument, complained of, are as follows: (1) That "W. T. Maxwell was the uncle of plaintiff and an employee of the defendants and in charge of defendants' premises; that plaintiff was on said premises without any invitation on the part of the defendants, and without their knowledge, that plaintiff had been brought to said premises and left at the home of said W. T. Maxwell located on said premises with the knowledge and consent of said W. T. Maxwell, and that the said W. T. Maxwell therefore was charged with the care and custody of plaintiff, and that if

there was any negligence causing the injury to plaintiff, W. T. Maxwell, and not the defendants, was negligent." (2) "That the plaintiff was not even turning the pump at the time of the accident, but that the pump was being turned by Cecil Holder, a boy 14 years of age." (3) "Neither the defendants Joe Cowan, W. T. Maxwell nor the other employees on the lease considered the pump unusually attractive and dangerous to children." (4) "Little boys would fool with everything and hardly a day passed but that you could pick up a paper and see where some child was killed." . (5) "If the defendants were liable for the injury sustained by the plaintiff, it would be impossible for many people to carry on and conduct their business without laying themselves liable for damages and that if they, the jury, had any hay-baler or binder around the place they were in danger of being held liable for damages if any child came on the place and got hurt playing with said machinery." (6) "If defendants were guilty of negligence in permitting their pump to be at the place and in the condition it was at the time of plaintiff's injury a man would be liable if a child entered his premises and was injured playing with an axe or a rock." (7) Repeatedly, "that there was no evidence showing the defendants knew that children were in the habit of frequently entering upon said premises and playing in and about and with said pump."

The objections to the said several parts of the argument are too lengthy to set out. It is sufficient, we think, to say that in our opinion the argument was not subject to any of the objections made to it. It did not transgress the rule against counsel undertaking to state the law to the jury, or to state facts not in evidence. As to each part of the argument we think it cannot be said that it had no relevant bearing upon one or more issues in the case. The most that could be said against any part of the argument is that perhaps some of the inferences tested by the law would not be warranted. We do not understand that it is reversible error for counsel in argument to insist that the evidence justifies a certain inference, even though that inference may be incorrect. Houston & T. C. Ry. Co. v. Cheatham, 52 Tex.Civ.App. 1, 113 S.W. 777; Pitts v. Wood (Tex.Civ.App.) 125 S.W. 954. To have such effect the inference, we think, would have to be not only so clearly unjustified as to be wholly unreasonable, but would have to be inflammatory in nature, or subject to some additional objection other than being merely unwarranted.

Believing that no error is shown and that the judgment of the court below should be affirmed, it is accordingly so ordered.